IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

                                          Case No. 17-10144-01-EFM

ROBBIE MILLER,

    *Defendant.*

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Robbie Miller's Motion to Reduce Sentence – First Step Act (Doc. 27). He seeks early release from prison due to the COVID-19 pandemic. The government opposes Defendant's motion. For the reasons stated in more detail below, the Court denies Defendant's motion.

**I.    Factual and Procedural Background**

On November 27, 2017, Defendant pleaded guilty to one count of possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k), and one count of a communication facility to facilitate a drug trafficking offense, in violation of 21 U.S.C. § 843(b). On January 22, 2018, Defendant was sentenced to 90 months' imprisonment.

Defendant is 50 years old, and he is currently incarcerated at Springfield MCFP. There have been 380 positive cases in the facility in which Defendant is housed, and 15 inmates have

died.¹  Currently, there are 29 active inmate cases, 16 active staff cases, and one pending inmate test.  Defendant's projected release date is April 28, 2024.

On December 1, 2020, Defendant, through counsel, filed a motion seeking early release from prison.  He states that he has underlying health conditions of obesity, Type 2 diabetes, hypertension, and hepatitis C.  Defendant also tested positive for COVID-19 on October 24, 2020 and has experienced COVID-19 related symptoms.   He states that due to the underlying health conditions, he is more susceptible to contracting COVID-19 again and experiencing severe health complications.

## II.    Legal Standard

The First Step Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), to allow a defendant to file his own motion for release.²  It allows defendants to seek early release from prison provided certain conditions are met.  First, "a criminal defendant may file a motion for compassionate release only if: '(1) he has exhausted all administrative rights to appeal the [Bureau of Prisons' ("BOP")] failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his facility received his request for the BOP to file a motion on his behalf.' "³  The administrative exhaustion requirement is jurisdictional and cannot be waived.⁴

---

¹ Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited January 25, 2021).

² *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

³ *United States v. Boyles*, 2020 WL 1819887, at *2 (D. Kan. 2020) (citing *United States v. Alam*, 2020 WL 1703881, at *2 (E.D. Mich. 2020)); *see also* 18 U.S.C. § 3582(c)(1)(A).

⁴ *See United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *United States v. Read-Forbes*, 454 F. Supp. 3d 1113, 1116-17 (D. Kan. 2020) (examining the text, context, and historical treatment of § 3582(c)'s subsections to determine that the exhaustion requirement is jurisdictional); *Boyles*, 2020 WL 1819887, at *2 (determining that exhaustion of administrative remedies is a prerequisite for the court's jurisdiction);  *cf. United States v. Younger*, 2020 WL 3429490, at *3 (D. Kan. 2020) (reasoning that the Sixth Circuit's approach articulated in *United States v. Alam*,

-3-

Next, if a defendant satisfies the exhaustion requirement, the Court may reduce the defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the Court determines: (1) "extraordinary and compelling reasons warrant such a reduction;" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community."[5]  Finally, the Court must ensure that any reduction in the defendant's sentence under this statute is "consistent with applicable policy statements issued by the Sentencing Commission."[6]

### III.   Analysis

Defendant seeks early release based on underlying health conditions, the spread of COVID-19 in prison, his contraction of COVID-19, and the possibility of re-contracting it and experiencing severe health consequences. The government asserts that Defendant is not an appropriate candidate for early release.

**A.   Exhaustion**

Defendant has satisfied the exhaustion requirement described in § 3582(c). He requested compassionate release from the Warden which was denied on both June 1, 2020 and October 7, 2020. As of December 1, 2020, the day Defendant filed his motion, more than thirty days have

---

960 F.3d 831 (6th Cir. 2020), is "highly persuasive," and concluding that § 3582(c)(1)(A)'s exhaustion requirement is a claims-processing rule).

[5] 18 U.S.C. § 3582(c)(1)(A)(i)-(ii).

[6] *Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding that the Sentencing Commission's policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

passed since he requested release from the Warden. The government also admits that Defendant meets the exhaustion requirement. Thus, the Court will proceed and determine the merits of Defendant's motion.

**B.     Extraordinary and Compelling Reasons**

Defendant next asserts that his medical conditions of obesity, Type 2 diabetes, hypertension, and hepatitis C, coupled with the outbreak of COVID-19 and his previous positive COVID-19 test, constitute an extraordinary and compelling reason warranting a sentence reduction under § 3582(c)(1)(A). The Court is sympathetic to Defendant's concerns and recognizes that Defendant's risk of complications from COVID-19 may be higher due to his underlying health conditions,[7] if he were to contract it a second time. Defendant, however, already contracted COVID-19, and although he was symptomatic, there is no indication that he suffered severe complications or symptoms. Thus, the fact that he already contracted COVID-19 without significant symptoms diminishes the concern that Defendant will or would develop severe complications from contracting it again. Furthermore, the presence of it in Defendant's facility does not justify a compassionate release, particularly when Defendant has already had COVID-19 without any evidence of severe health complications. Accordingly, Defendant does not meet his burden in demonstrating extraordinary and compelling circumstances warranting compassionate release.

---

[7] Several conditions, including Type 2 diabetes and obesity, are listed by the Centers for Disease Control and Prevention ("CDC") as ones that are at increased risk for severe illness from COVID-19. CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited January 25, 2021). Hypertension is listed as a condition that may be at increased risk. *Id.*

## C.  Section 3553(a) Factors

The Court's conclusion is bolstered by a consideration of the applicable sentencing factors enumerated in 18 U.S.C. § 3553(a).[8]  Some of these factors include the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, and protect the public from future crimes by the defendant; and the need to avoid unwarranted sentence disparities.[9]

Defendant pleaded guilty to possession of a firearm with an obliterated serial number and to use of a communication facility to facilitate a drug trafficking offense.  After an approximate six-week investigation into Defendant distributing methamphetamine, including two sales of methamphetamine and the sale of a firearm to an undercover officer, Defendant was arrested.  At the time of his arrest, officers found approximately 60 grams of methamphetamine, drug paraphernalia, and ammunition in the vehicle.  Defendant's criminal history includes numerous drug related offenses, theft, and battery.

The sentencing guideline range was 151 to 188 months based on Defendant's total offense level and criminal history.  However, based on Defendant's plea agreement and the offenses for which he pleaded, the statutory maximum was 108 months.  The Court sentenced Defendant to 90 months.

At this point, Defendant has only served approximately three years of his sentence and is not eligible for release for another four years, or until April 28, 2024.  Thus, Defendant has not even served half of his sentence.  The Court remains convinced that 90 months is the appropriate

---

[8] 18 U.S.C. § 3582(c)(1) (stating that the court should consider the factors set forth in § 3553(a) when determining the length of imprisonment).

[9] 18 U.S.C. § 3553(a).

sentence. Reducing Defendant's sentence to time served would not reflect the seriousness of Defendant's criminal conduct nor provide adequate deterrence or appropriate punishment. Furthermore, as noted above, Defendant already contracted COVID-19 and did not experience severe symptoms. Accordingly, the Court finds that Defendant does not demonstrate extraordinary and compelling reasons to warrant his early release from prison.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence – First Step Act (Doc. 27) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 26th day of January, 2021.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE